JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Toni Towler

## DEFENDANTS

Pepsico, Inc.

**(b)** County of Residence of First Listed Plaintiff     Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joshua S. Ganz, Christopher Manno- Duffy North
104 N. York Road, Hatboro, PA 19040- 215 675 7300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander    Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury    Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 & The Family Medical Leave Act

Brief description of cause:
Hostile Work Environment, Discrimination and Retaliation on the basis of Plaintiff's sexual orientation & gender expression;Retaliation under FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE     7/24/2026

SIGNATURE OF ATTORNEY OF RECORD     /s/ Joshua S. Ganz

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Toni Towler | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| PepsiCo, Inc. | : | NO. 26-5180 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| 07/24/2026 | Joshua Ganz, Esq. | Plaintiff Toni Towler |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 675 7300 | | jganz@duffynorth.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Philadelphia, Pennsylvania_____

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?
    If yes, attach an explanation.                                                                                  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☒  8.  Employment
☐  9.  Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases:  *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONI TOWLER | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | NO:   26-5180 |
| v. | : | |
| | : | |
| PEPSICO, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Toni Towler, by and through her undersigned counsel, through this Complaint hereby alleges against Defendant PepsiCo, Inc. (hereinafter referred to as "Defendant PepsiCo" or "Defendant") the following:

### I.    INTRODUCTION

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

2.    This action arises under Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000 and the Family Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. ("FMLA"). [1]The claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and

---

[1] Plaintiff requested her charge with the EEOC be duly filed with the Pennsylvania Human Relations for Commission ("PHRC") for violations of the Pennsylvania Human Relations Act ("PHRA"). Within 30 days of filing the charge, the EEOC issued a right to sue letter without Plaintiff requesting one. In order to preserve claims under Title VII, Plaintiff is filing this claim within ninety (90) days of receiving the right to sue letter but prior to receiving a case closure notice from the PHRC. Plaintiff intends to request a case closure letter from the PHRC and will amend the Complaint to include a discrimination and retaliation claim under the PHRA and Philadelphia Fair Practices Ordinance.

intentional discrimination and retaliation based on his sex and/or use of leave under FMLA and Title VII.

## II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, Title VII and FMLA which provides original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.    The venue of this Court is invoked pursuant to Title 28 U.S.C. §1391(c). The events complained of herein occurred exclusively in Philadelphia County, Pennsylvania at Defendant's location at 11701 Roosevelt Blvd, Philadelphia, PA 19154.

## III.    PARTIES

5.    Plaintiff, Toni Towler, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides therein at 6523 N. Woodstock Street, Philadelphia, PA 19138.

6.    Defendant PepsiCo is headquartered at 700 Anderson Hill Road, Purchase, NY 10577.

7.    Defendant is a multinational food and beverage corporation with facilities and operations in the Greater Philadelphia region

8.    At the time of Defendant's Title VII and FMLA violations, Plaintiff Toni Towler was employed by Defendant as a Coordinator.

9.    At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

2

10. At all times relevant hereto, Defendant was an employer as defined under Title VII and FMLA and is subject to the provisions of each Act.

## IV. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. On April 1, 2026, Plaintiff timely filed a complaint against Defendant with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission alleging discrimination and retaliation on the basis of her sex/gender.

12. On April 30, 2026, the Equal Employment Opportunity Commission sent Plaintiff a Right to Sue letter.

13. This action is being commenced within ninety (90) days of Plaintiff receiving the Right to Sue letter.

14. Therefore, Plaintiff has exhausted all administrative prerequisites to bring the foregoing action.

## V. **STATEMENT OF CLAIMS**

15. Plaintiff began working for Defendant in May of 2022 as a Coordinator.

16. Throughout her tenure with the Defendant, Plaintiff performed her job functions in a dutiful and competent manner.

17. Plaintiff's responsibilities included, but were not limited to,  managing warehouse operations and overseeing logistics.

18. Plaintiff is a gay man and uses female pronouns.

19. Throughout her employment, Plaintiff was subjected to repeated harassment and discrimination because of her sexual orientation and gender expression, including how she spoke and dressed.

20.     Beginning in or about October 2023, Plaintiff experienced discriminatory conduct from a co-worker, Cody Bavis, after assigning him a work task.

21.     Mr. Bavis refused to complete the assignment and stated that he "can't stand gay people", directly referencing Plaintiff's sexual orientation.

22.     Shortly after that incident, Mr. Bavis made a false accusation that Plaintiff had a firearm in her bag at work.

23.     As a result of the accusation, Defendant's management personnel conducted a search of Plaintiff's belongings.

24.     The accusation and search were unfounded, retaliatory in nature because of her gender identity and sexual orientation and deeply humiliating.

25.     In January 2024, during a pre-shift meeting that Plaintiff was conducting, a co-worker Angel Negron stated that if Plaintiff was going to speak to men she "needed to use a deeper voice".

26.     The comment targeted Plaintiff's gender expression, including her voice and manner of speaking.

27.     Plaintiff reported Mr. Negron's comments to her manager, Marcos Morales but he did not take any corrective or disciplinary action in response to the complaint.

28.     In March 2024, Plaintiff overheard coworkers Coner and Alvarez state that they would not use the restroom if "that gay motherfucker" was using it, referring to Plaintiff.

29.     Plaintiff, again, reported these statements to Marcos Morales.

30.     Plaintiff also submitted a written complaint regarding the incident to Defendant's human resource department.

4

31.    Despite raising these complaints, the harassment did not stop and continued to escalate over time.

32.    In April 2024, Plaintiff, in the course of her supervisory duties, asked as a subordinate employee, Mr. Chauncey, to complete a work task.

33.    In response, Mr. Chauncey became hostile and lashed out in front of other coworkers, falsely accusing Plaintiff of having inappropriately confronted him while he was using the restroom.

34.    Confused by the allegation, Plaintiff asked Mr. Chauncey when the alleged incident supposedly occurred.

35.    Mr. Chauncey claimed the alleged incident occurred the week prior, even though Plaintiff did not work that week.

36.    Plaintiff reported the incident to her supervisor, who directed Plaintiff to use a separate restroom, but no action was taken against Mr. Chauncey.

37.    Despite raising these complaints, the harassment did not stop and continued to escalate over time.

38.    In May 2025, Angel Negron again mocked Plaintiff's voice and gender expression during a work interaction.

39.    Plaintiff reported this conduct to Marcos Morales as well as Defendant's Human Resources Department.

40.    Plaintiff also reported the incident to Defendant's hotline.

41.    In June 2025, coworker Keenan approached Plaintiff and stated that he "did not like gay people like you" and escalated the situation toward a physical confrontation.

42. Keenan removed his safety vest and appeared prepared to fight Plaintiff causing Plaintiff to fear for her safety.

43. Plaintiff immediately reported this incident to Marcos Morales and Defendant's hotline.

44. Despite the seriousness of the incident, no meaningful corrective action was taken.

45. In August 2025, a driver named Bruce stated in front of Plaintiff that he did not care about her pronouns and refused to respect them.

46. Marcos Morales was aware of this issue, yet no effective corrective action was taken.

47. In November 2025, coworker T. Wilson referred to Plaintiff using a homophobic slur, stating that he "can't stand this faggie motherfucker."

48. Plaintiff reported this incident to Marcos Morales and Anthony Miles.

49. Despite repeated complaints about harassment, Plaintiff was required to continue working alongside the same individuals.

50. The work environment became increasingly hostile, unsafe, and emotionally distressing.

51. In or about June 2025, coworker Javier Camona refused to follow work directions that Plaintiff gave him in the course of her job duties.

52. Plaintiff reported Javier Camona's refusal to follow directions to Marcos Morales and Supervisor Gary (LNU).

53. Plaintiff also informed them that she believed Javier Camona's conduct was motivated by her sexual orientation and gender expression.

6

54. In or about August 2025, Javier Camona again resisted Plaintiff's direction and made complaints about Plaintiff to management.

55. Marcos Morales and Gary investigated those complaints but took no action against Plaintiff.

56. Plaintiff again informed management that she believed Javier Camona's conduct was related to her sexual orientation and gender expression.

57. At the end of October 2025, Plaintiff conducted a routine pre-shift meeting with employees including Javier Camona, Marlene (LNU), and Holden (LNU).

58. During that meeting, Plaintiff asked Javier Camona if he was feeling well because he appeared unwell. The interaction was brief, insignificant, and unremarkable, and no issues, concerns, or complaints were raised by anyone at that time.

59. In November 2025, Plaintiff took approved FMLA leave to care for her husband.

60. During her FMLA leave, Human Resources contacted Plaintiff regarding an allegation involving Javier Camona stemming from the aforementioned pre-shift meeting.

61. Plaintiff was asked whether she had touched Javier Camona on the cheek or blown him a kiss during the October meeting.

62. Plaintiff unequivocally denied that allegation.

63. After denying the allegation, Plaintiff was not re-interviewed by Human Resources.

64. No further investigation was conducted to Plaintiff's knowledge.

65. Plaintiff returned to work in early December 2025 following her FMLA leave and worked without incident through December 29, 2025.

66. On December 30, 2025, Marcos Morales called Plaintiff and read from a letter stating that she was being terminated for allegedly harassing an employee.

7

67.    Prior to this termination, Plaintiff had never been disciplined or warned for any misconduct.

68.    The allegation used to terminate Plaintiff was raised only after Plaintiff took FMLA leave.

69.    The allegation was also raised after Plaintiff had repeatedly complained about discrimination and harassment.

70.    Plaintiff believes and therefore avers that the allegation against her was false and was used as a pretext for her termination.

71.    Plaintiff further believes and avers that she was subjected to discrimination and harassment because of her sex, including her sexual orientation and failure to conform to traditional gender stereotypes.

72.    Plaintiff believes PepsiCo failed to protect her from a hostile work environment despite having actual knowledge of the harassment.

73.    Plaintiff further avers that her termination was influenced by her taking protected FMLA leave.

74.    As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered mental anguish and embarrassment and has lost wages and other employee benefits.

**<u>COUNT I-</u>**
**<u>HOSTILE WORK ENVIRONMENT AND DISCRIMINATION IN VIOLATION OF</u>**
**<u>TITLE VII OF THE CIVIL RIGHS ACT OF 1964</u>**

75.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

76.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. makes it unlawful for an employer to discriminate against any individual with respect to the terms,

conditions, or privileges of employment because of such individual's sex, which includes discrimination on the basis of sexual orientation and failure to confirm to sex-based stereotypes.

77.     Title VII, 42 U.S.C. § 2000e-2(a)(1), separately makes it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to the terms, conditions, or privileges of employment because of such individual's sex, including sexual orientation.

78.     Plaintiff is a member of a protected class by virtue of her sexual orientation and gender expression.

79.     Plaintiff was qualified for her position as Coordinator and performed her job duties in a satisfactory manner throughout her employment, and had never been disciplined or warned regarding any alleged misconduct prior to her termination.

80.     At all times relevant hereto, Plaintiff was subjected to unwelcome harassment because of her sex, including her sexual orientation and gender expression, as detailed above, including but not limited to the conduct of Cody Bavis, Angel Negron, coworkers Coner and Alvarez, Keenan, Bruce, and T. Wilson.

81.     The harassment described herein was severe and/or pervasive, occurring repeatedly over the course of approximately two years, from October 2023 through at least November 2025, and included derogatory comments about Plaintiff's sexual orientation, mocking of her voice and manner of speech, refusal to honor her pronouns, use of homophobic slurs, and a threat of physical violence.

82.     This conduct was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and to create an abusive, hostile, and intimidating working environment.

9

83.    Plaintiff repeatedly reported this harassing conduct to her manager, Marcos Morales, to Defendant's Human Resources department, and to Defendant's employee hotline, thereby providing Defendant with actual knowledge of the hostile work environment.

84.    Despite actual knowledge of the ongoing harassment, Defendant failed to take prompt, effective, and remedial action reasonably calculated to end the harassment, and instead permitted Plaintiff to continue working alongside the individuals who harassed her.

85.    Defendant's failure to remediate the hostile work environment, despite actual knowledge of same, renders Defendant liable for the harassment under Title VII.

86.    Plaintiff suffered an adverse employment action when Defendant terminated her employment on December 30, 2025.

87.    The circumstances surrounding Plaintiff's termination give rise to an inference of discriminatory intent. Defendant terminated Plaintiff based on a single, uncorroborated allegation that Plaintiff had touched a coworker's cheek or blown him a kiss, which Plaintiff unequivocally denied, and following which Defendant conducted no further investigation and never re-interviewed Plaintiff.

88.    By contrast, when Plaintiff reported that coworker Javier Camona had refused to follow her work directions and raised complaints about her, Marcos Morales and Supervisor Gary investigated those complaints and took no action against Plaintiff, illustrating a double standard in how allegations were investigated and credited depending on who was accused.

89.    Defendant's proffered basis for terminating Plaintiff was pretextual, was not the product of a good-faith or adequate investigation, and was applied to Plaintiff in a manner inconsistent with how Defendant treated allegations against and by other, similarly situated employees outside of Plaintiff's protected class.

10

90. Defendant's true motivation for terminating Plaintiff's employment was her sex, including her sexual orientation and gender expression, in violation of Title VII.

91. As a direct and proximate result of Defendant's conduct described in this Count, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, mental anguish, humiliation, and embarrassment.

92. Defendant's conduct as described above was willful, wanton and malicious and Plaintiff is therefore entitled to punitive damages.

## COUNT II-
## TITLE VII RETALIATION

93. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein

94. Title VII, 42 U.S.C. § 2000e-3(a), prohibits an employer from discriminating against an employee because that employee has opposed a practice made unlawful by Title VII or has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII.

95. Plaintiff engaged in protected activity by repeatedly reporting the discriminatory harassment she experienced to Marcos Morales, to Human Resources, and to Defendant's hotline, and by expressly stating her belief that the conduct of her coworkers, including Javier Camona, was motivated by her sexual orientation and gender expression.

96. Defendant was aware of Plaintiff's protected activity.

97. Shortly after Plaintiff's most recent complaints of discrimination and harassment, and following her return from FMLA leave, Defendant terminated Plaintiff's employment on December 30, 2025, based on an allegation that arose only after Plaintiff had engaged in protected activity.

11

98.    The temporal proximity between Plaintiff's protected activity and her termination, together with the absence of any prior disciplinary history and the pretextual nature of the allegation used to justify her termination, gives rise to an inference of retaliatory intent.

99.    Defendant's stated reason for terminating Plaintiff's employment is pretextual, and a motivating factor in Defendant's decision to terminate Plaintiff was her opposition to, and complaints regarding, unlawful discrimination and harassment.

100.    As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, mental anguish, humiliation, and embarrassment.

101.    Defendant's conduct as described above was willful, wanton and malicious and Plaintiff is therefore entitled to punitive damages.

## COUNT III-
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

102.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

103.    FMLA, 29 U.S.C. § 2615(a)(2), makes it unlawful for an employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA, and prohibits employers from retaliating against employees for exercising their rights to protected leave under the Act.

104.    Plaintiff was an eligible employee under the FMLA, and Defendant was a covered employer under the FMLA, at all times relevant hereto.

105.    In November 2025, Plaintiff took FMLA-protected leave to care for her husband, a qualifying family member with a serious health condition.

106. During Plaintiff's FMLA leave, Defendant's Human Resources department questioned Plaintiff regarding an allegation concerning a coworker, Javier Camona, which Plaintiff unequivocally denied, and Defendant did not thereafter re-interview Plaintiff or, to Plaintiff's knowledge, conduct any further investigation.

107. Plaintiff returned to work in early December 2025 and worked without incident, discipline, or complaint through December 29, 2025.

108. On December 30, 2025, immediately following Plaintiff's return from FMLA leave, Defendant terminated Plaintiff's employment, citing the previously unsubstantiated allegation involving Javier Camona as the basis for termination.

109. The close temporal proximity between Plaintiff's FMLA leave and her termination, the absence of any prior disciplinary history, and the pretextual nature of the allegation relied upon by Defendant demonstrate that Plaintiff's exercise of her FMLA rights was a motivating factor in Defendant's decision to terminate her employment.

110. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, liquidated damages, and other consequential damages.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, loss of employment and other non-pecuniary losses as allowable.

13

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of

suit and attorney and expert witness fees as allowed by law:

(d) The Court award such other relief as is deemed just and proper.

Plaintiff demands trial by jury.

Duffy North

By: _____/s/ Joshua S. Ganz_____
Joshua S. Ganz, Esquire
I.D.# 85838
Christopher Manno, Esquire
I.D. # 326192
104 N. York Road
Hatboro, PA 19040
(215)675-7300
Attorneys for Plaintiff

14